UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PACE MECHANICAL SERVICES, INC.,

        Plaintiff(s),

Case No. 02-74869

Honorable Nancy G. Edmunds

v.

MESTEK, INC.,

        Defendant(s).

                                    /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR NON-TAXABLE COSTS AND ATTORNEY'S FEES [40]**

The matter before the Court is Defendant Mestek's motion for costs and attorney's fees. Defendant served Plaintiff Pace Mechanical Services with certain Requests for Admissions, pursuant to FED. R. CIV. P. 36, which Plaintiff then denied. Relying on this Court's previous order granting its motion for summary judgment, Defendant now argues that Plaintiff had no basis for refusing to admit the propositions set forth in its Requests. Because the Court finds that Plaintiff did have reasonable grounds to believe it might prevail on the issues set forth in the Requests and for the reasons stated more thoroughly below, the Court DENIES Defendant's motion.

**I.    Factual and Procedural History**

The facts in this case are thoroughly set forth in this Court's order granting Defendant's motion for summary judgment. *See* March 2, 2005 Order. A concise review is sufficient here.

Plaintiff is a subcontractor that, after winning a bid on a project at University of Michigan, was seeking a supplier for radiant ceiling panels. Defendant submitted a quotation. The parties went back and forth about the details, specifically the terms setting forth Defendant's proposed labor costs for installation. Eventually, Defendant delivered the panels. But, because a consensus had not been reached, Plaintiff installed them itself.

Plaintiff later filed a complaint alleging that Defendant was in breach of contract because it (Count I) failed to install the panels and (Count II) provided non-conforming goods. Defendant answered and filed two counterclaims for (Counter-Claim I) the remainder of the fees not yet paid for the panels and (Counter-Claim II) labor costs from technical assistance.

Defendant then filed a motion seeking summary judgment on Count I and Counter-Claim I. The Court granted the motion because it found that there was not a meeting of the minds as to the installation–i.e., no contract–and Defendant could not therefore be in breach. The Court also noted that a contract for the panels was formed after they were delivered and accepted. In addition, regarding Counter-Claim I, the Court held that the condition required for payment of the retainer was met and, thus, Defendant was entitled to the remainder of the fees for the panels.

Prior the summary judgment motion, Defendant, pursuant to FED. R. CIV. P. 36, requested that Plaintiff admit to certain claims. The following are at issue here:

> REQUEST FOR ADMISSION NO. 10:
> Admit that [Defendant] and [Plaintiff] never entered into a contract for [Defendant] or any subcontractor of [Defendant] to install the [panels].
> . . . .
> REQUEST FOR ADMISSION NO. 14:
> Admit that [Plaintiff] and [Defendant] never agreed that [Defendant], or any subcontractor of [Defendant], would install the [panels] for any firm price.

. . . .
REQUEST FOR ADMISSION NO. 17:
    Admit that, in a letter dated December 19, 2002, . . . [Plaintiff] promised to release to [Defendant] retainage in the amount of $21,083.23 upon the University of Michigan's acceptance of the operation and maintenance manuals for the [panels] that are the subject of this lawsuit.
. . . .
REQUEST FOR ADMISSION NO. 18:
    Admit that the University of Michigan has accepted the operation and maintenance manuals for the [panels].

Pl.'s Ex. 1 (Responses to Defendant's Request for Admissions) at 4-6.  Plaintiff denied all

of these requests.  *Id.*  Defendant has now brought a motion for costs and attorney's fees

pursuant to FED. R. CIV. P. 37.

## II.   Standard of Review

Rule 37(c) provides as follows:

> If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves . . . the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.  The court shall make the order unless it finds that
>
> (A)    the request was held objectionable pursuant to Rule 36(a), or
> (B)    the admission sought was of no substantial importance, or
> (C)    the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or
> (D)    there was other good reason for the failure to admit.

FED. R. CIV. P. 37(c)(2).  "The expenses that may be assessed are only those that could

have been avoided by the admission, and do not include expenses incurred prior to the

filing of the answers to the requests for admission."  8A WRIGHT, MILLER & MARCUS,

FEDERAL PRACTICE & PROCEDURE: Civil 2d § 2290.

## III.   Analysis

3

Request No. 10 deals with a contract for installation. In its response to Defendant's summary judgment motion, Plaintiff argued that a contract was created during a conversation between Steven Bledsoe (one of Plaintiff's vice presidents) and Nick Kovac (an employee of Defendant's local sales representative). Specifically, Plaintiff contended that Kovac's silence could constitute a manifestation of assent. The Court found, however, that there was no offer presented and Kovac's actions could not be construed as an assent. Although Plaintiff did not prevail on its argument, it was not unreasonable. Thus, based on the third exception–i.e., Rule 37(c)(2)(C), Plaintiff legitimately denied this request.

Although Request No. 14 is similar to No. 10, it deals with a specific term that Plaintiff had been requesting in negotiations–a firm price for installation. Plaintiff argued that, although the meeting created a contract for installation, the price was not set until later. Specifically, it claimed that the price was eventually set at a fixed amount listed in a letter between the parties. As discussed above, the Court found otherwise. This does not imply, however, that Plaintiff's belief that it would prevail was unreasonable and the Court does not hold as such. As with Request No. 10, Plaintiff's denial was permissible.

Plaintiff's denial of Request No. 17 is curious. As noted, the request deals with a December 19, 2002 letter. The letter, that was signed by representatives from both parties, states that "[t]he retainage shall be promptly paid to [Defendant] upon review and acceptance by the property owner . . . ." Def.'s Summ. J. Ex. 16 (December 19, 2002 Memorandum) at 1, ¶ 3. The Court finds, however, that Defendant invoked only nominal expenses in proving this fact. Thus, as no reasonable cost or fee was incurred, the motion is denied.

4

Request No. 18 deals with University of Michigan's acceptance of the panels. According to Plaintiff, this acceptance was not known until Defendant filed its reply brief in support of its summary judgment motion and attached a message from the University indicating that there had been an acceptance.  Until this filing, Plaintiff had a reasonable belief that the panels were not accepted.  Thus, Defendant's motion as to this request is also denied.

## IV.   Conclusion

For the reasons stated above, the Court hereby orders that Defendant's motion for costs and attorney's fees pursuant to FED. R. CIV. P. 37 is DENIED.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 13, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager